IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL E. MANCINI | : CIVIL ACTION |
|     PLAINTIFF | : |
| v. | : 5:14-CV-00963 |
| | : |
| NORTHAMPTON COUNTY; | : ELECTRONICALLY FILED |
| JOHN BROWN, and VICTOR | : |
| SCOMILLIO | : |
|     DEFENDANTS | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Northampton County, John Brown, and Victor Scomillio, by and through their counsel, Thomas, Thomas & Hafer, LLP, hereby file this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, pursuant to the Federal Rules of Civil Procedure 12(b)(6), and in support thereof state:

## I. INTRODUCTION

Plaintiff filed her Complaint on February 28, 2014. Plaintiff attempts to allege violation of the First Amendment of the United States Constitution, a Procedural Due Process claim in violation of the Fourteenth Amendment, and an

Equal Protection claim in violation of the Fourteenth Amendment when she was terminated from her position as a full-time assistant county solicitor. Specifically, Plaintiff raises the following causes of action: (1) termination as a result of her political affiliation; (2) termination from a "career service" position without "just cause" protections; and (3) termination from employment because she was a "member of the Democratic Party." *See* Complaint, Count I ¶ 53, Count II ¶ 64, and Count III ¶ 71.

Defendants have now filed their Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under F.R.C.P. Rule 12(b)(6). In support thereof, Defendants simultaneously submit their Memorandum in Support of their Motion. For the reasons set forth below, Defedants respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice.

## II  STATEMENT OF RELEVANT FACTS

Following 6 ½ years as an assistant district attorney for Northampton County, Plaintiff was offered a position as an assistant county solicitor, in accordance with the passing of Resolution 80-06 by the Northampton County Council. Resolution 80-06 approved the position as full-time "CE-IV." See Exhibit B of Plaintiff's Complaint. Northampton County designated full-time assistant solicitors as Career Exempt in its pay scales. See Northampton County

Resolution 107-2013, a true and correct copy of which is attached to the Motion as Exhibit 1[1].

Plaintiff worked as a Northampton County assistant county solicitor for over six years. In November 2013, Defendant John Brown, a Republican, defeated John Callahan, a Democrat, as the New County Executive. Subsequent to that election, on Janaury 23, 2014, the Northampton County Council passed a resolution eliminating the two full assistant county solicitor positions. See Northampton County Resolution 7-2014, a true and correct copy of which is attached to the Motion to Dismiss as Exhibit 2. Accordingly, the Plaintiff's full assistant county solicitor position was eliminated by the Northampton County Council. On January 27, 2014, the Director of Human Resources for Northampton County sent a letter to Plaintiff advising her of the County Resolution and the elimination of her position. A true and correct copy of the letter is attached to the Complaint as Exhibit D. Furthermore, although Plaintiff was advised by the Director of Human

---

[1] This Honorable Court can take judicial notice of these documents when ruling on a Motion to Dismiss based on F.R.C.P. 12(b)(6), without converting the motion to one for summary judgment. See Rickard v. The Lion Brewery, Inc., 2007 U.S. Dist. LEXIS 83836 (M.D. Pa. 2007)(explaining that on a motion to dismiss, the "Third Circuit Court of appeals has ruled that a court may also consider and take judicial notice of 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document'"); Griffey v. Colechia, 2008 U.S. Dist. LEXIS 5881, *2-3 (W.D. Pa. 2008)(taking judicial notice of criminal court records).

Resources that her position was career exempt, she was also provided notice as set forth in Code3.525 of the Employee Policies Manual.

### III. STATEMENT OF QUESTIONS PRESENTED

#### A. CAN PLAINTIFF ESTABLISH A VALID CLAIM FOR POLITICAL AFFILIATION DISCRIMINATION?

Suggested Answer: No.

#### B. CAN PLAINTIFF ESTABLISH A VALID CLAIM FOR VIOLATION OF PROCEDURAL DUE PROCESS?

Suggested Answer: No.

#### C. CAN PLAINTIFF ESTABLISH A VALID CLAIM FOR VIOLATION OF EQUAL PROTECTION?

Suggested Answer: No.

### IV. ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a plaintiff's complaint. In considering a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in a light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009), quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 223 (3d Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise the right to relief above the speculative level." *Id.*

> To determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the Third Circuit applied a three-step analysis: First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

### A.   PLAINTIFF CANNOT ESTABLISH A VALID CLAIM FOR POLITICAL AFFILIATION DISCRIMINATION.

In Count I, Plaintiff alleges that she was terminated from her position as a full-time assistant county solicitor as a result of her political affiliation in violation of the First Amendment of the Federal Constitution.

Under our political system, a high-level official is free to bring in policymakers favorable to his policies and to discharge policymaking public employees whose policies are at variance with his own. *Rankin v. McPherson*, 483 U.S. 378

(1987); *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977); *Armour v. County of Beaver*, 271 F.3d 417 (3d Cir. 2001).

To assert a claim that she was wrongfully discharged for engaging in political activity, Plaintiff must allege that: (1) [s]he was employed at a public agency in a position that does not require political affiliation, (2) [s]he was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 271 (3d Cir. 2007) *(citing Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997)).

To establish the first prong of a political discharge cause of action, the plaintiff must show that the position in which she worked does not require a political affiliation. *Galli*, 490 F.3d at 271. In the landmark case of *Elrod v. Burns*, the Supreme Court stated that such analysis turns on whether the position involved "policymaking," in which case termination on the basis of political support is permitted. 427 U.S. 347 (1976). No clear line can be drawn between policymaking and non-policymaking positions. *Id.* at 368. A non-policymaking employee usually has limited responsibility whereas an employee with responsibilities that are not well-defined or are of broad scope more likely functions in a policymaking position. *Id.* at 368-69. Consideration should also be given to whether the employee acts as an advisor or formulates plans for the implementation of broad

goals. *Id. See also, Vaticano v. Twp. of Edison*, 514 F. App'x 218, 220 (3d Cir. 2013) (motion for summary judgment affirmed where Plaintiff "failed to marshal facts sufficient for a reasonable jury to find that he was discriminated against based on his political beliefs or punished for exercising his First Amendment rights.").

In *Ness v. Marshall*, an incoming mayor discharged the previous administration's solicitor, assistant solicitor, and second assistant solicitor. 660 F.2d 517, 522 (3d Cir. 1981). Faced thereafter with a political affiliation discrimination claim by second assistant solicitor Ness, the Court was tasked with analysis of whether "party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* Focusing on the functions and duties of the positions, including such duties as rendering legal advice to the administration and negotiating contracts for the City, the Third Circuit concluded that "the mayor had the right to receive the complete cooperation and loyalty of a trusted advisor, and should not [be] expected to settle for less. *Id.* Thus, the Court held that the solicitor, assistant solicitor, and second assistant solicitor were not entitled to First Amendment protection when a dismissal is purportedly based on political affiliation. *Id.* at 518.

Similarly, in *Wetzel v. Tucker*, the Third Circuit once again reviewed the nature and extent of a claim by a government lawyer alleging a wrongful termination of employment due to political affiliation. In *Wetzel*, a newly elected

Democratic majority of Commissioners voted at a Board meeting to reorganize and remove Republican incumbents, which included the Authority Solicitor, a position held by Plaintiff Wetzel. *Id.* at 382. Claiming a violation of his First Amendment rights, Wetzel argued that his position was a reactive conduit, rather than one which affected policy. *Id.* at 384. However, affirming summary judgment for the defendant employer, the Third Circuit held that as a high level public employee, the solicitor role was sufficiently involved in policy making and as such, political affiliation is a legitimate employment consideration. *Id.* at 386; *see also, Mummau v. Ranck*, 687 F.2d 9, 10 (3d Cir. 1982) ( affirming grant of summary judgment when the position of assistant district attorney as a "policymaker" and "confidential employee" was not a position operating in a purely technical or ministerial manner and may permissibly be terminated without offending First Amendment protections).

Here, Plaintiff specifically emphasizes in her Complaint the numerous functions associated with the assistant county solicitor position, to include "*independently investigat[ing] all County departments in order to assess their legal needs,*" "*prepar[ing] contracts on a variety of subjects,*" responsibility for "*all EEOC/PHRC matters,*" handling "*in excess of 200 hearings,*" litigating "*over 30 matters*" for the County, and "*perhaps most significantly, devot[ing] over three hundred hours, in addition to her regular duties, to finding a way to challenge a*

*complicated and costly financial transaction contract.*" (emphasis added). *See* Complaint, ¶ 21. Thus, as outlined in Plaintiff's own words, the assistant county solicitor was far from a purely technical or ministerial position.

Notwithstanding the alleged political affiliation claim, Plaintiff's position was eliminated in an effort to reduce County expenditures. The full time assistant solicitor positions were replaced by the creation of two part time assistant solicitor positions. See Northampton County Resolution 7-2014, a true and correct copy of which is attached to the Motion as Exhibit 2. The resolution eliminated two full-time positions with a salary range from $66,638 to $94,812 and replaced them with two part-time positions with a salary of $42,537. Id. That salary reduction was significant even without consideration of the elimination of benefits for those positions. When a reduction in the work force due to economic reasons is under consideration, an analysis of full-time positions with benefits and part-time positions without benefits, and which positions to eliminate, is within the discretion of the public administration. *Millisits v. City of Pittsburgh*, 695 A.2d 895, 896 (Pa. Commw. 1997).

Although Plaintiff makes reference to an email from Linda Markwith, a personnel analyst, as to the classification of Plaintiff's position, that email cannot be used to change the CE-IV designation made by the Northampton County Council in the Resolution creating that position. See Northampton County

1487241.1 9

Resolution 80-06, a true and correct copy of which was attached to the Complaint as Exhibit B.

For the reasons set forth above, Plaintiff has no basis in law or fact to establish a violation of the protections afforded by the First Amendment.

### B. PLAINTIFF CANNOT ESTABLISH A VALID CLAIM FOR VIOLATION OF PROCEDURAL DUE PROCESS.

In Count II, Plaintiff alleges a violation of the Procedural Due Process protections of the Fourteenth Amendment when she was terminated from a "career service" position without "just cause" protections.

To invoke the procedural due process protections of the Fourteenth Amendment, a public employee must have a legitimate claim of entitlement to [her] job rising to the level of a liberty or property interest. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Only then can Plaintiff assert an entitlement to a pre-termination meeting, i.e., "Notice and an opportunity to be heard." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Whether a public employee has such a claim of entitlement is decided "by reference to state law." *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Rosenthal v. Rizzo*, 555 F.2d 390 (3d Cir. 1977).

In Pennsylvania, there is no common law cause of action against an employer for termination of an at-will employment relationship. "Absent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relations for any or no reason.

*Geary v. United States Steel Corp.*, 319 A.2d 174 (Pa. 1974). The Supreme Court of Pennsylvania has made clear that exceptions to this rule are recognized only where discharge would threaten clear mandates of public policy. *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 89-90 (Pa. 1989).

The burden of overcoming the at-will presumption "rests squarely" with the employee and to do so, a party must establish an express contract, an implied-in-fact contract and additional consideration, or an applicable recognized public policy exception. *Mun. Auth. of Borough of Edgeworth v. Borough of Ambridge Water Auth.*, 936 A.2d 538, 548 (Pa. Commw. 2007); *Scott v. Phila. Parking Auth.*, 166 A.2d 278, 280 (Pa. 1960); *Pipkin v. Pa. State Police*, 693 A.2d 190 (Pa. 1997); *Rutherfoord v. Presbyterian-Univ. Hosp.*, 612 A.2d 500 (Pa. Super. 1992); *Rapagnani v. Judas Co.*, 736 A.2d 666, 669 (Pa. Super. Ct. 1999).

Plaintiff avers that Resolution 80-06, which created the assistant solicitor position Plaintiff assumed, was silent as to whether the position was classified as "career service" or "exempt." Plaintiff raises this issue because Career Service positions are afforded an opportunity for pretermination discussions, whereas Exempt positions are not.

Plaintiff relies on an interpretation of Home Rule Charter, Article VIII, Section 802 to support a Career Service argument, claiming that the absence of her particular position falling within a defined category results in a Career Service

classification. However, the assistant solicitor position was listed on the Resolution specifically creating the position as grade "CE-IV." See Northampton County Resolution 80-06, a true and correct copy of which was attached to the Complaint as Exhibit B. "CE" is a salary grade on the "Career Exempt" pay scale, for Grades I – VI, which specifically lists the assistant county solicitor as an exempt position under Group IV, whereas "Career Service" includes "CS" pay grades 6-38. See Northampton County Resolution 107-2013, a true and correct copy of which is attached to the Motion as Exhibit 1.

Finally, irrespective of the classification of the position, on January 7, 2014, Plaintiff filed a grievance in accordance with the County's Grievance Procedure. A true and correct copy of Plaintiff's Grievance is attached to the Motion to Dismiss as Exhibit 3. A Decision was rendered on March 24, 2014, which stated that no evidence that Plaintiff was wrongfully terminated or that the termination was the result of Plaintiff's political affiliation. A true and correct copy of the Grievance Decision dated March 24, 2014, is attached to the Motion to Dismiss as Exhibit 4.

Thus, Plaintiff fails to identify any public policy she claims Defendants violated when her position was terminated. As Plaintiff was an at-will employee, she lacks a protected property interest in her position within the meaning of the

Fourteenth Amendment. *Unger v. Nat'l Residents Matching Program,* 928 F.2d 1392, 1398–99 (3d Cir.1991).

For the reasons set forth above, Plaintiff has no basis in law or fact to establish any violation of due process rights under the Fourteenth Amendment.

### C. PLAINTIFF CANNOT ESTABLISH A VALID CLAIM FOR VIOLATION OF EQUAL PROTECTION.

In Count III, Plaintiff raises an Equal Protection violation of the Fourteenth Amendment when she alleges she was terminated because she was a "member of the Democratic Party."

Plaintiff's third count once again alleges discrimination because of her political associations, affiliations and beliefs. The essence of such an allegation restates Plaintiff's claim of a First Amendment violation, which is without merit for the reasons heretofore discussed.

Thus, when no basis exists for a First Amendment political affiliation claim, a claim for equal protection under the Fourteenth Amendment fails as well. *Rosenberg v. Redevelopment Auth. of City of Philadelphia,* 428 F.Supp. 498, 501 (E.D. Pa. 1977). In *Rosenberg,* a City of Philadelphia employee claimed he was forced to resign, and brought an action to redress alleged deprivation of First and Fourteenth Amendment rights to procedural due process and equal protection. *Id.* at 499. The Court established that Plaintiff was a policymaking employee, responsible for "assist(ing) in policy determination and interpretation." *Id.* In

affirming summary judgment for the employer, the Court held that First Amendment and Fourteenth Amendment protection was not available to Plaintiff in connection with his claim that he was forced to resign because of his political associations, affiliations and beliefs. *Id.* at 501.

Accordingly, for the reasons set forth above, Plaintiff has not established a claim upon which relief can be granted.

## V. CONCLUSION

For the reasons set forth above and in Defendants' Motion to Dismiss, Defendants respectfully request that this Court GRANT its Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety WITH PREJUDICE.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Dated: April 21, 2014

By: s/David L. Schwalm
David L. Schwalm, Esquire
PA Attorney ID No. 32574
Jill L. Matkosky, Esquire
PA Attorney ID No. 313525
305 North Front Street, 6th Floor
PO Box 999
Harrisburg, PA 17108-0999
(717) 237-7100
(717) 237-7105 – fax
Attorneys for Defendants