IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL E. MANCINI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-963 |
| | : | |
| NORTHAMPTON COUNTY, et al. | : | |

## ORDER

AND NOW, this 28th day of July, 2015, upon consideration of Plaintiff's Motions for Attorney's Fees, Costs, and Expenses and Defendants' responses thereto, and following an oral argument, it is ORDERED the Motions (Documents 64 & 78) are GRANTED in the amount of $186,018.60 total.[1]

---

[1] Plaintiff Jill E. Mancini seeks attorney's fees, costs, and expenses as a "prevailing party" pursuant to 42 U.S.C. § 1988. In her initial motion, she seeks $168,333.39, comprised of $162,507.00 in attorney's fees and $5,826.99 in costs and expenses. In her updated motion, Mancini seeks an additional $16,462.00 in attorney's fees and $3,594.14 in costs and expenses. Altogether, Mancini's counsel seeks compensation for 691 hours spent on this litigation, but not for fees and costs arising from Mancini's post-verdict motion for a new trial.

"In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Truesdell v. Phila. Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 451 U.S. at 433; *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (calling the resultant figure the "lodestar" amount and noting it is presumed to be reasonable). However, if a plaintiff achieves "only partial or limited success," the lodestar figure "may be an excessive amount." *Hensley*, 451 U.S. at 436. The party seeking adjustment of the fee "has the burden of proving that an adjustment is necessary." *Rode*, 892 F.2d at 1183.

Northampton County's opposition rests primarily on Mancini's "limited" success at trial. The County does not dispute the reasonableness of her counsel's rates. Rather, the County notes that despite raising three claims under the First and Fourteenth Amendments against "five" defendants—the County, John Brown in his individual and official capacities, and Victor Scomillio in his individual and official capacities—Mancini prevailed only on her due process claim against the County. As such, the County urges the Court to reduce attorney's fees to five to eight percent of the lodestar amount. The Supreme Court, however, has expressly rejected the County's proffered "mathematical approach of comparing the total number of issues in the case

with those actually prevailed upon" to determine fees. *Hensley*, 461 U.S. at 435, n. 11. In fact, a court should not reduce fees "simply because the plaintiff failed to prevail on every contention raised in the lawsuit," *id.* at 435, but only do so when the unsuccessful claim "is *distinct in all respects* from his successful claims." *Id.* at 440 (emphasis added).

      Here, the claims brought to trial share a common core of facts. All three claims emerged from how and why Mancini was terminated from her employment in the Northampton County Solicitor's Office. Mancini, moreover, prevailed on a crucial issue which informed inquiries into all three claims and occupied much of the trial testimony: The jury found she was a career service employee. Thus, although Mancini ultimately prevailed only on one claim and received a portion of the relief she sought, reduction would be inappropriate because her claims are interconnected. *See Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93, 98 (3d Cir. 2006) (holding the plaintiff's claims under the First Amendment Free Speech and Free Exercise Clauses and the Fair Housing Act were not discrete claims, but rather "linked sufficiently that work performed on one would likely have had value for the others" and awarding fees for work performed on all three claims despite the plaintiff's success on only one claim); *cf. Dee v. Borough of Dunmore*, 548 F. App'x 58, 64 (3d Cir. 2013) (affirming the district court's reduction of the lodestar amount because the plaintiff's unsuccessful claims arose from "factually distinct" circumstances from his successful claim).

      The County further objects to the 62.4 hours or $16,269.00 in fees billed for counsel's representation of Mancini during her grievance proceedings before the Northampton County Personnel Appeals Board (PAB). The Court will not reduce these fees. A plaintiff "is not automatically entitled to claim attorney's fees for time spent in the administrative process." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 242 (1985). Rather, the work on the administrative proceeding must be "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Keenan v. City of Philadelphia*, 983 F.2d 459, 474 (3d Cir. 1986) (quotation marks omitted) (citing *Webb*, 471 U.S. at 243); *see also Gulfstream III Assocs. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) ("[I]f the plaintiff can prove that the fees and expenses . . . resulted in work product that was actually utilized in the instant litigation, that the time spent . . . was "inextricably linked" to the issues raised in the present litigation, and that [the] plaintiff has not previously been compensated for those fees and expenses, then the district court may include those fees and expenses in its fee award."). The County argues the grievance proceedings were optional and procedurally distinct from the instant litigation. Counsel's work on the proceedings generated evidence such as hearing testimony and documentation that her grievance was denied and indicating the PAB was deadlocked. This evidence was used at trial to demonstrate Mancini had not received due process, and the jury found in her favor on that claim. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 558 (1986) (holding attorneys were entitled to fees for work done during administrative proceedings that were necessary to attain adequate relief for the plaintiff); *Keenan*, 983 F.2d at 474 (holding fees arising time spend on the plaintiffs' labor arbitration were properly awarded because materials generated by the arbitration process, including the arbitrator's opinion, were used in discovery and at trial, and the arbitration was "inextricably linked" to the issues before the court). Counsel's work on the PAB proceedings produced work product utilized in this litigation, the PAB proceedings are inextricably linked to issues in this litigation, and counsel was not previously compensated for this work. Accordingly, the Court now awards fees for that work. *See Gulfstream III Assocs.*, 995 F.2d at 420.

Northampton County objects to $2,851.00 of fees claimed in the original motion and $518.00 of fees claimed in the supplemental motion as overly vague, time inefficiently spent by attorneys, or duplicative. *See* Defs.'s Response to Pl.'s Mot. for Att'y's Fees, Costs, and Expenses 20-21; Defs.'s Response to Pl.'s Supp. Mot. for Att'y's Fees, Costs, and Expenses 6, 9. Northampton County also objects in its motion to excessive time billed for court appearances during the trial, but stated at oral argument it was no longer pursuing this objection. The Court has scrutinized the objected-to billings and does not find them too vague "to determine if the hours claimed are unreasonable for the work performed." *Washington v. Phila. Cnty Ct. of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996) (citation omitted) (holding a computerized list providing the nature of the activity, subject matter, date, and amount of time was adequately specific to document hours claimed). As for the County's claim that it is excessive to bill attorney time on mere administrative tasks, the Court will not presume it is always unreasonable for an attorney to perform administrative tasks. In any event, the amount of time billed for performance of such tasks is de minimis and dwarfed by the time billed for legal tasks. The Court will, however, subtract $126.00 billed in the supplemental motion as duplicative of the immediately preceding billing.

Finally, the County objects to paying the full $4,883.00 in fees incurred by counsel while preparing for oral argument on the post-verdict motions because this amount includes time spent on Mancini's post-trial motion. Because Mancini's motion accounted for 33% of the time spent at that oral argument, the County submits these fees should be reduced correspondingly to $3,255.33. Because Mancini herself acknowledges she is not seeking reimbursement for time spent on her post-trial motion, the Court grants the County's request and reduces the fees by $1,627.67. In all, the Court awards a total of $177,215.33 in attorney's fees.

The Court awards Mancini most of the costs and expenses she requests. "[U]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *Institutionalized Juveniles v. Sec. of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985) ("[A] district court may not deny costs to the prevailing party unless it supports that determination with an explanation." (citation omitted)). "Moreover, the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000). Limited success does not justify the denial of costs. *See Institutionalized Juveniles*, 758 F.2d at 926. Rather, a court may only consider "the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with the process during the course of the instant litigation or the costs award proceedings," and "the losing part[y's] potential indigency or inability to pay the full measure of costs award levied against [it]." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 468.

The Court thus cannot reduce costs to reflect Mancini's overall success, as Northampton County requests. But the Court must limit Mancini's costs to the boundaries of 28 U.S.C. § 1920. *See Polcino v. City of Philadelphia*, No. 89-4672, 1991 124592, at *2 (E.D. Pa. July 3, 1991). Accordingly, the Court will subtract $447.17 as meal, lodging, and parking expenses are not recoverable costs. *Pelzer v. City of Philadelphia*, 771 F. Supp. 2d 465, 473 (E.D. Pa. 2011) ("No statute lists parking, lodging, meals or other unspecified expenses as recoverable costs, and courts in this jurisdiction generally do not award such costs."). The Court will also subtract $42.69 in mailing costs. *See id.* at 473-74; *see also Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 552 (E.D. Pa. 2013). Finally, the Court will subtract $128.00 billed for "Ulyssess F. Conner, Jr.," whom the County alleges is not involved in this matter, an allegation

3

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

unrefuted by Mancini. Because the Court has already determined the grievance proceedings were related to the instant litigation and § 1920 permits recovery for transcripts obtained for use in the case, the Court will not subtract the costs of those transcripts. *See* 28 U.S.C. § 1920(2). The Court, therefore, will award Mancini $8,803.27 in costs and expenses.